IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| VALORIE HENDRIX, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 2:04-CV-166-WCO |
| : | |
| JOANNE B. BARNHART, : | |
| Commissioner of the Social Security : | |
| Administration, : | |
| : | |
| Defendant. : | |

### ORDER

The captioned case is before the court for consideration of the magistrate judge's report and recommendation ("R&R") [25-1] in which she recommends that the decision of the Commissioner of Social Security ("Commissioner") be affirmed. Plaintiff has filed a timely objection to the R&R [26-1], which is presently before this court.

The facts and procedural history of this case are fully set forth in the R&R and do not need to be repeated here except as they relate to a discussion of plaintiff's objection. Plaintiff applied for disability insurance benefits, alleging that she became unable to work as of June 3, 1998 when she injured her back while carrying boxes at work. On March 21, 2000, the Administrative Law Judge

("ALJ") denied plaintiff's claims. Plaintiff filed an appeal with this court, but the parties consented to remand the case to further develop the record with regard to plaintiff's mental impairments.

At her second hearing, plaintiff testified about her alleged physical and mental impairments. Plaintiff submitted a letter written on March 2, 2000 by Dr. Janene Holladay, an anesthesiologist and pain management specialist, which stated her belief that plaintiff was "mentally and physically incapable of returning to employment." A medical expert, Dr. Rudolph Warren, also testified at the hearing after having reviewed plaintiff's medical records. He testified that plaintiff's impairments caused moderate limitations in her activities and are severe but do not meet or medically equal any of the requirements of the Listing of Impairments under the regulations.

Following this testimony, the ALJ inquired of a vocational expert ("VE") whether there would be simple, repetitive work that plaintiff could perform that would provide the option to alternate sitting and standing, allow for minimal interaction with co-workers and supervisors, and involve no interaction with the public. The VE testified that there would be such work that someone of plaintiff's age, education, and experience could perform. However, when plaintiff's attorney questioned whether a person with the inability to be reliable could

perform such work, the VE testified that he or she could not.  The VE also testified that if plaintiff's allegations about her frequent crying spells and need to lie down were credited, she would be unable to perform these jobs.

The ALJ found plaintiff only partially credible and cited inconsistencies in her testimony that led to such a conclusion.  The ALJ accepted the conclusions of Dr. Warren as he was in the "unique position . . . of having reviewed the entire medical record."   (Tr. 203.)    The ALJ concluded that, although plaintiff's impairments were severe, she was not disabled.

Plaintiff seeks judicial review of the ALJ's decision, claiming that the ALJ erred by not accepting the opinion of Dr. Holladay, plaintiff's treating physician. Plaintiff also claims that the ALJ improperly disregarded her mental limitations by failing to include them in the hypothetical posed to the VE.  The magistrate judge, in reviewing the ALJ's determinations, reports that she agrees with the ALJ's findings.  She also finds that the ALJ was not required to consider Dr. Holladay's statement or to give it controlling weight.  Thus, she recommends that this court affirm the decision of the Commissioner.

Plaintiff objects to the magistrate judge's finding that the ALJ "was not required to consider Dr. Holladay's conclusory statement."  Plaintiff argues that the ALJ's failure to articulate a reason for giving less weight to the opinion of a

3

treating physician was reversible error. In support of this argument, plaintiff cites MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986), which states that if the ALJ gives less weight to the opinion of a treating physician, the reasons for doing so must be clearly articulated or the ALJ will be found to have committed reversible error.

"The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). The regulations, however, make a distinction between "medical opinions" and "opinions on issues reserved to the Commissioner." See 20 C.F.R. §§ 404.1527(a)(2) and (e). Under 20 C.F.R. § 404.1527(a)(2), "medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." However, opinions that a claimant is "disabled" or "unable to work" are "not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision

4

of disability." Id. § 404.1527(e). The ALJ is not required to give special significance to the source of an opinion reserved to the Commissioner. Id. § 404.1527(e)(3).

Dr. Holladay's March 2000 statement that plaintiff was "mentally and physically incapable of returning to employment" at the time was a conclusory opinion on the ultimate issue reserved to the Commissioner, i.e., plaintiff's ability to work. The court agrees with the magistrate judge that this statement was not a medical opinion that was entitled to special significance but was an opinion on an issue reserved to the Commissioner. This was not a medical report containing plaintiff's medical diagnoses or the physician's clinical findings; rather, it was a conclusory opinion on the ultimate issue of disability. In fact, Dr. Holladay's March 2000 statement was unsupported by any explanation or evidence. By contrast, in MacGregor, the testimony of the treating physicians that was at issue in the case consisted of descriptions of the claimant's symptoms and impairments and the physicians' medical diagnoses. See 786 F.2d at 1052.

Thus, the court agrees with the magistrate judge that the ALJ did not have to consider Dr. Holladay's March 2000 statement or give it substantial weight. As Dr. Holladay's opinion was one reserved to the Commissioner, the ALJ did not have to give it special significance. Therefore, the court finds that the ALJ's

failure to articulate a reason for giving this opinion less weight was not reversible error under <u>MacGregor</u>.

As for the other issues addressed in the magistrate judge's R&R to which plaintiff has not objected, the court has reviewed the record and is confident that the magistrate judge has correctly applied the facts of this case to the relevant law. Accordingly, the R&R [25-1] is hereby **ADOPTED** as the order of this court. The decision of the Commissioner is **AFFIRMED**.

IT IS SO ORDERED, this 13th day of March, 2006.

<u>s/William C. O'Kelley</u>
WILLIAM C. O'KELLEY
Senior United States District Judge